# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff/Respondent,<br>    v.<br>GILBERT PAUL JOHNSON,<br>      Defendant/Petitioner. | CRIM CASE NO.12cr1625WQH<br>CIVIL CASE NO. 19cv974WQH<br>**ORDER** |

HAYES, Judge:

This matter comes before the Court is the Petition pursuant to 28 U.S.C. § 2255 to vacate sentence filed by the Defendant/Petitioner. (ECF No. 70).

**FACTS**

On April 2, 2012, Defendant Gilbert Paul Johnson was charged by complaint with importing cocaine into the United States in violation of 21 U.S.C. §§ 952, 960.

On April 26, 2012, Defendant waived indictment and was charged by information with importing cocaine and methamphetamine into the United States in violation of 21 U.S.C. §§ 952, 960.

On May 31, 2012, Defendant pled guilty to the charges in the information.

On July 21, 2014, the Court sentenced Defendant to 37 months custody and 5 years' supervised release on each count, with the sentences to run concurrently.

On July 27, 2015, the United States Probation Office ("USPO") filed a Petition for Warrant or Summons for Offender Under Supervision ("First Petition") alleging that Defendant violated the terms of his supervised release by committing violations of the

California Penal Code. In the First Petition, the USPO made two allegations of noncompliance: first, that on or about July 12, 2015, Johnson inflicted injury on his cohabitant in violation of California Penal Code ("PC") § 273.5; and second, that on or about July 12, 2015, Johnson was a felon in possession of a stun gun in violation of PC § 22610.

On August 20, 2015, Defendant admitted to the allegations and the Court sentenced him to 3 months' custody and 33 months' supervised release.

On September 13, 2016, the USPO filed another Petition for Warrant or Summons for Offender Under Supervision ("Second Petition") alleging that Defendant violated the terms of his supervised release by committing a violation of the California Penal Code. In the Second Petition, the USPO made one allegation of noncompliance, specifically, that on or about August 20, 2016, Johnson committed assault with a deadly weapon, in violation of PC § 245(a)(1). At the hearing on March 6, 2017, Johnson admitted to the violation alleged in the Second Petition and the Court sentenced him to 24 months' custody on each count, with count 1 to run concurrently to count 2, but both counts to run consecutively to Johnson's sentence in his state court case. Defendant did not file an appeal of his sentence.

On May 22, 2019, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255 challenging the March 6, 2017 sentence. Defendant asserts that inaccurate information was provided by the California Department of Corrections and Rehabilitation regarding his good time earning rate which influenced the decision of this district court in imposing the sentence for violation of his supervised release. Defendant asserts that this court felt compelled to increase his sentence based on inaccurate information regarding his state sentence.

On August 12, 2019, Plaintiff United States filed an opposition to the motion to vacate on the grounds that the motion is procedurally barred and untimely. Plaintiff United States further contends that relief under 28 U.S.C. § 2255 is not available because Defendant fails to identify any constitutional or legal defect in his sentence.

**APPLICABLE LAW**

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**RULING OF THE COURT**

28 U.S.C. § 2255 is subject to a "1-year period of limitations." 28 U.S.C. § 2255 (f)(1). In this case, Defendant was sentenced on March 6, 2017. The sentence became final fourteen days later on March 20, 2017. Defendant filed the §2255 motion on May 4, 2019, more than one year after the sentence became final. The §2255 motion was not timely filed.

"Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985). The Supreme Court has held that where a criminal defendant fails to make allegations of error at trial or on direct appeal he must demonstrate "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). In this case, Defendant did not file a direct appeal and no facts in this case support cause or actual prejudice.

In addition, the transcript of the hearing establishes that the Court did not rely upon any information from the California Department of Corrections and Rehabilitation regarding his good time earning rate in determining the sentence imposed. The Court noted that the sentence imposed for violation of supervised release was a separate sanction and imposed a sentence lower than the applicable guideline range of 30-37 months and the recommendation of probation and the government of 32 months

consecutive to the state conviction.   The sentence imposed by this Court was not "in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.

IT IS HEREBY ORDERED that Petition pursuant to 28 U.S.C. § 2255 to vacate sentence filed by the Defendant/Petitioner (ECF No. 70) is denied.

DATED:  September 17, 2019

**WILLIAM Q. HAYES**
United States District Judge